IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MILTON MCDANIEL,

    Plaintiff,

v.

ANN YORK,
DR. MANLOVE,
GWENDOLYN A. VICK,
NICOLE and KIM,

    Defendants.

OPINION and ORDER

Case No. 18-cv-448-wmc

*Pro se* plaintiff Milton McDaniel, a prisoner at Waupun Correctional Institution ("Waupun"), filed this civil lawsuit pursuant to 42 U.S.C. § 1983, claiming that defendants' treatment of his eye injury violated his Eighth Amendment rights. Since filing his complaint, McDaniel has filed two supplements (dkt. ##11, 13) and a motion clarifying the defendants against whom he is proceeding (dkt. #12). The court has considered these filings along with his complaint for purposes of screening pursuant to 28 U.S.C. § 1915A. However, even construing his allegations generously, the court concludes that to avoid dismissal of this action with prejudice, McDaniel will have to amend his complaint to correct the deficiencies described below.

# ALLEGATIONS OF FACT[1]

McDaniel is seeking to proceed against three Waupun employees: nurses Ann York, Nicole and Kim; Dr. Manlove; Gwendolyn A. Vick. On September 1, 2017, McDaniel was playing basketball outside at Waupun, when he was headbutted by another prisoner. McDaniel's eye swelled up immediately, and McDaniel notified a correctional officer about his injury, who arranged for him to be seen in the Health Services Unit ("HSU"). York examined McDaniel and concluded that he should been taken off-site, to Waupun Memorial Hospital. McDaniel arrived at the hospital at around 1:10 p.m. that day and was seen by nurses and a doctor. The doctor concluded that McDaniel should receive pain medication and ice, but did not perform any procedure to relieve the pressure on his eye from the swelling.

On September 3, 2017, McDaniel's eye was still completely swollen shut, and apparently both eyes were swollen to the size of a golf ball. McDaniel went back to the HSU, where York examined him, told him there was nothing she could do and told McDaniel to continue putting ice on it. She did not lacerate his eye to relieve the pressure on his eye. When McDaniel subsequently went to the HSU for an appointment, his blood pressure was high, which he attributes to his pain. He claims that nurses Nicole and Kim responded similarly to York. McDaniel claims that he suffers from permanent blurred vision because no one relieved the pressure on his eye, and that the swelling did not start

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

to go down until January 2018 when his eyes were finally lacerated to relieve the pressure. However, McDaniel does not provide any details about who performed that procedure.

OPINION

Plaintiff is seeking leave to proceed on an Eighth Amendment deliberate indifference claims against defendants. To start, the court is dismissing Dr. Manlove and Vick because plaintiff has not alleged *any* facts suggesting that either defendant was involved in plaintiff's care related to his eye injury, or even that they knew about his injury. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation").

As to York, Nicole and Kim, a prison official may violate the Eighth Amendment if the official is "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "Serious medical needs" include: (1) conditions that are life-threatening or that carry risk of permanent serious impairment if left untreated; (2) withholding of medical care that results in needless pain and suffering; or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but disregard that risk by consciously failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).

Moreover, allegations of delayed care -- even a delay of just a few days -- may violate the Eighth Amendment if the delay caused the inmate's condition to worsen or unnecessarily prolonged his pain. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)

("[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment.") (citations omitted); *Smith v. Knox County Jail*, 666 F.3d 1037, 1039-40 (7th Cir. 2012); *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011).

Under this standard, plaintiff's claim must allege three elements:

1. Did plaintiff objectively need medical treatment?

2. Did defendants know that plaintiff needed treatment?

3. Despite their awareness of the need, did defendants consciously fail to take reasonable measures to provide the necessary treatment?

Here, reading plaintiff's allegations generously, while it may be reasonable to infer that his eye condition constituted a serious medical need, it would be unreasonable to infer that the nurses' handling of his eye injury constituted deliberate indifference. Indeed, on September 1, York examined him and determined he should receive off-site treatment, which plaintiff received. Then, the doctor who examined plaintiff on September 1 at the hospital did not deem it appropriate to lacerate plaintiff's eye to relieve pressure, nor has plaintiff alleged that any other doctor or health care professional concluded that his eye should have been lacerated earlier. Consequently, on September 3, when plaintiff was still complaining of pain and swelling, York was entitled to defer to the doctor's professional opinion that plaintiff should continue to ice his eye. *Holloway v. Delaware Cty. Sheriff's Office*, 700 F.3d 1063, 1075 (7th Cir. 2012) ("[N]urses may generally defer to instructions given by physicians" unless "it is apparent that the physician's order will likely harm the patient."); *Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010) (nurse had an obligation to follow up with appropriate personnel when presented with problematic treatment

decision). As for the other two nurses (Nicole and Kim), plaintiff has provided no allegations about when they examined him, nor the condition of his eyes at that point in time. As such, the only reasonable inference to be drawn from plaintiff's allegations is that they, too, were entitled to defer to the doctor's recommendation.

Had plaintiff alleged facts suggesting that his condition had worsened by the next day, or that more time had passed and plaintiff's eyes were still shut when York, Nicole or Kim examined him, perhaps it would have been reasonable to infer that these defendants had reason to believe that the doctor's recommendation to simply ice his eye was problematic. Yet as currently pled, plaintiff's condition remained the same, making it reasonable for the nurses to direct plaintiff to keep icing his eye as recommended by the doctor. Accordingly, plaintiff has failed to state allege facts that give rise to a reasonable inference that York, Nicole or Kim acted with deliberate indifference.

Normally dismissal of plaintiff's complaint would be appropriate for failure to state a claim. However, given the sparse allegations in plaintiff's complaint, it appears plaintiff may have inadvertently omitted facts that might implicate either Dr. Manlove or Nurse Vick, or facts that might actually support an Eighth Amendment claim against York, Nicole and/or Kim. As such, out of deference to his *pro se* status, the court will grant plaintiff a short window of time to submit a proposed amended complaint, that the court will also screen pursuant to § 1915A.

ORDER

IT IS ORDERED that:

(1) Plaintiff Milton McDaniel's motion (dkt. #12) is GRANTED.

(2) Plaintiff is DENIED leave to proceed on any claim and his complaint is DISMISSED WITHOUT PREJUDICE.

(2) Plaintiff has until **May 15, 2019,** to file a proposed amended complaint, which the court will screen pursuant to 28 U.S.C. § 1915A. **Failure to file a proposed amended complaint as directed will result in dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).**

Entered this 24th day of April, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge