IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MILTON MCDANIEL,

    Plaintiff,

v.

ANN YORK,
DR. MANLOVE,
GWENDOLYN A. VICK,
NICOLE and KIM,

    Defendants.

OPINION and ORDER

Case No. 18-cv-448-wmc

*Pro se* plaintiff Milton McDaniel, a prisoner at Waupun Correctional Institution ("Waupun"), filed this civil lawsuit pursuant to 42 U.S.C. § 1983, claiming that defendants' treatment of his September 1, 2017, eye injury violated his Eighth Amendment rights. In particular, he wanted to proceed against multiple individuals for their decisions to limit the care to providing ice and pain medication, rather than lacerating his swollen eye to relieve pressure. On May 1, 2019, the court dismissed McDaniel's complaint without prejudice, finding his allegations failed to state a claim upon which relief can be granted, but allowing him the opportunity to file an amended complaint providing more details about defendants' treatment for his injury. (Dkt. #15.) McDaniel submitted a one-page document, labeled proposed amended complaint. (Dkt. #16.) Construing that document as a supplement to his pleadings, the court concludes that, even evaluating his allegations generously, McDaniel has failed to state a claim upon which relief can be granted and this case will be dismissed with prejudice.

OPINION

Previously the court denied McDaniel leave to proceed against defendants Manlove and Vick for lack of personal involvement, and against defendants York, Nicole and Kim because his allegations did not permit a reasonable inference that these defendants responded to a need for medical attention for his eye injury with deliberate indifference. (Dkt. #15, at 3, 5.) As to York, Nicole and Kim in particular, the court noted McDaniel's allegations that he sought care for his eye injury on September 1, 2017, that he went to the hospital where a doctor declined to lacerate his eye to relieve pressure, and that York, Nicole and Kim deferred to that decision and limited their care to providing McDaniel with ice and pain medication. The court concluded, however, that these defendants were entitled to defer to the doctor's professional judgment and continue providing McDaniel ice and pain medication, rather than lacerating his eye. *See Holloway v. Delaware Cty. Sheriff's Office*, 700 F.3d 1063, 1075 (7th Cir. 2012) ("[N]urses may generally defer to instructions given by physicians" unless "it is apparent that the physician's order will likely harm the patient.").

McDaniel's supplement adds nothing new. In it, he alleges, as he had previously, that when he went to the Health Services Unit after he injured his eye on September 1, 2017, defendant York requested that he be sent to the hospital. McDaniel now alleges that he arrived at Waupun Memorial Hospital at about 7:10 p.m., and nurses Kim and Nicole also told him there was nothing they could do for him, sending him back to Waupun. Finally, he again alleges that when he saw York on September 3, she would only give him ice for his eye and that subsequently his eye swelled up severely.

McDaniel does not allege that Manlove or Vick were involved in his care, so the court need not revisit the dismissal of these defendants. As for Nicole, Kim and York, McDaniel's additional allegations do not give rise to a reasonable inference that they responded to his need for medical attention with deliberate indifference. "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but disregard that risk by consciously failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). In his original complaint, McDaniel had alleged that a doctor examined him at the hospital and limited his recommendation to pain medication and ice, and that nurses Nicole and Kim were both present for those recommendations and did not treat him subsequently. (*See* Compl. (dkt. #1) 2.) McDaniel's supplemental allegations do not change the fact on September 1, a doctor had recommended only ice and pain medication, declining to lacerate McDaniel's eye when he examined him. Thus, his additional allegations do not call into question the court's conclusion that York, Nicole and Kim were entitled to defer to that doctor's plan to treat his eye injury While McDaniel's eye worsened and eventually required laceration to lessen the swelling, he still has not alleged facts suggesting that York, Nicole or Kim saw that his injury had worsened or had reason to believe that the doctor's recommendation was problematic and failed to take corrective action. Accordingly, the court now concludes that McDaniel has failed to state a claim upon which relief can be granted and will dismiss this case.

ORDER

IT IS ORDERED that:

(1) Plaintiff Milton McDaniel is DENIED leave to proceed on his claims in this lawsuit, and this case is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

(2) This dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered this 28th day of February, 2020.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge